# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# KALAMAZOO DIVISION

JULIA MUNIZ, on behalf of her minor child, E.M.C., individually and on behalf of all others similarly situated,

        Plaintiff,

v.

BRONSON HEALTH CARE GROUP, INC.,

        Defendant.

Case No. 1:25-cv-0693

Hon.

## NOTICE OF REMOVAL

Defendant Bronson Health Care Group, Inc. ("Bronson" or "Defendant"), hereby removes this putative class action from the Circuit Court for the County of Kalamazoo, State of Michigan, to the United States District Court for the Western District of Michigan, Kalamazoo Division.  This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and, on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million.  *See* 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b).  Removal is timely under 28 U.S.C. § 1446(b)(1).

**I.      OVERVIEW OF CLAIMS ASSERTED AND RELIEF SOUGHT**

Plaintiff filed her complaint on May 2, 2025. *See* **Exhibit A**[1], Plaintiff's Complaint. Her complaint alleges causes of action for negligence (Count I), negligence per se (Count II), breach of implied contract (Count III), unjust enrichment (Count IV), and breach of fiduciary duty (Count V) stemming from an alleged data breach of Plaintiff's and others' private information. She seeks to pursue these claims on behalf of a class of similarly situated individuals.

Bronson is a Michigan corporation with its principal place of business in Kalamazoo, Michigan. **Ex. A** at ¶ 16. Bronson provides medical services to patients in Michigan and Indiana. *Id.* at ¶ 17. Plaintiff's Complaint alleges that patients provide Bronson with sensitive, personal, and private information during the ordinary course of receiving its healthcare services. *Id.* at ¶ 18. Plaintiff further alleges that on or about November 25, 2024, an unauthorized employee of Bronson accessed Plaintiff's and the putative class members' private information, according to Notice Letters Bronson sent out to affected persons. *Id.* at ¶¶ 19-20. Plaintiff claims that Bronson did not use reasonable security procedures and practices to protect private information, including that such information allegedly was not encrypted. *Id.* at ¶¶ 22-24. Plaintiff's Complaint contains a multitude of information that purports to generally explain "The Value of Private Information" and that "Healthcare Organizations are Prime Targets for

---

[1] Exhibit A is "a copy of all process, pleadings, and orders served" on Defendant. *See* 28 U.S.C. § 1446(a).

Cyberattacks." *Id.* at p. 7 and 10. The Complaint goes on to allege that Bronson failed to comply with industry practices and federal regulations—though none of her claims actually arise or could arise from any such regulation. *Id.* at ¶¶ 56-63, 64-69, 70-74.

Plaintiff claims that as a result of the alleged data breach, she and the putative class members will be subject to "continued misuse and ongoing risk of misuse of their Private Information," and that they are "much more likely to become victims of identity theft and other fraudulent schemes." *Id.* at ¶¶ 75, 77, 81. Plaintiff further alleges that she and the putative class members have suffered damages from Bronson's allegedly wrongful actions and the alleged data breach. Plaintiff defines the putative class as follows:

> All persons residing in the United States whose Private Information was compromised in the Data Breach, including all who were sent a notice of the Data Breach.

*Id.* at ¶ 98. On behalf of the putative class and herself, Plaintiff seeks monetary damages, including actual, statutory, and punitive damages, restitution, nominal damages, disgorgement; equitable damages, including injunctive and declaratory relief; and attorneys' fees and costs. *See id.* at Prayer for Relief, ¶¶ B–E.

## II.    REMOVAL IS PROPER UNDER CAFA

This Court has jurisdiction under CAFA because this lawsuit is a purported class action (*Id.* at ¶¶ 98-109) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" to include state law class actions); 28 U.S.C. § 1332(d)(2) (granting district courts original

3

jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1446 (permitting removal).

### A. Minimal Diversity Exists

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). As a corporation, Defendant is a citizen of the state of its incorporation and its principal place of business, *see* 28 U.S.C. § 1332(c)(1). Bronson is incorporated in Michigan and has its principal place of business in Kalamazoo, Michigan. *See* **Ex. A** at ¶ 16. Therefore, Bronson is a citizen of Michigan.

Plaintiff E.M.C. is a citizen of Michigan. (*Id.* at ¶ 15). The putative class includes members who are citizens of states other than Michigan and diverse from Bronson. *See* 28 U.S.C. § 1332(d)(2)(A). At a minimum, Plaintiff alleges that Bronson provides medical services to patients in Michigan and Indiana. *Id.* at ¶ 17. Plaintiff also defines the putative class to include "[a]ll persons residing in the United States whose Private Information was compromised" including those to whom Bronson sent a notice regarding a data incident. *Id.* at ¶ 98. Accordingly, diversity exists on the basis that members of the putative class are citizens of states other than Michigan.

### B. Amount in Controversy Exceeds $5,000,000

Here, on the face of Plaintiff's pleadings, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

4

Establishing the amount in controversy upon removal "is not a daunting burden"; "the defendants need only show that it is more likely than not that the plaintiff's claims exceed" the jurisdictional threshold. See *Halsey v. AGCO Corp.*, 755 F. App'x 524, 527 (6th Cir. 2018) (internal citations omitted)).

Bronson meets this burden. Plaintiff alleges that Bronson failed to secure private identifying information and private health information for a putative class of hundreds of individuals. *See e.g.*, **Ex. A**, ¶ 46 ("Bronson was, or should have been, fully aware of….the significant number of individuals who would be harmed by a breach of Bronson's systems."). Plaintiff seeks compensatory and consequential damages and an order "disgorging all profits" Bronson obtained from the allegedly wrongful conduct. *See id.* at ¶¶ 151, 163, 173, 183, and Prayer for Relief at ¶¶ B-E. Although Bronson disputes the allegations in Plaintiff's complaint and that disgorgement is a proper remedy, if those allegations are taken as true, the amount in controversy exceeds $5,000,000. The amount-in-controversy requirement therefore is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Thus, because this Court has original jurisdiction of this case under 28 U.S.C. § 1332(d)(2), this action is removable to this Court under 28 U.S.C. § 1441(a).

## III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). Plaintiff served Bronson via certified mail on May 27, 2025. Accordingly, the due date to file removal is June 26, 2025.

In accordance with 28 U.S.C. § 1446(d), Bronson will file a copy of this Notice of Removal with the Clerk of the Circuit Court for the County of Kalamazoo and will promptly serve copies of this Notice of Removal on counsel for Plaintiff.

Date: June 24, 2025                    By: /s/ Jeffrey G. Muth
    Jeffrey G. Muth (P65041)
    MILLER JOHNSON
    45 Ottawa Ave SW, Suite 1100
    Grand Rapids, MI 49503
    (616) 831-1700
    muthjg@millerjohnson.com

    and

    Erin Bolan Hines (ARDC #6255649)
    Jessie L. Sharon (ARDC #6349974)
    *Pro Hac Vice Pending*
    Cozen O'Connor
    123 North Wacker Drive, Suite 1800
    Chicago, IL 60606
    (312) 382-3100
    ebolanhines@cozen.com
    jsharon@cozen.com

    *Attorneys for Defendant Bronson Health Care Group, Inc.*

## CERTIFICATE OF SERVICE

Jeffery G. Muth, states that he is attorney of record for Defendant and that on June 24, 2025, he directed his assistant, Jessica Brickner, to serve a true and correct copy of the **Notice of Removal** via first class mail and email on counsel of record in this matter in the Circuit Court of Kalamazoo County, addressed as follows:

| | |
|---|---|
| E. Powell Miller (P39487) <br> Emily E. Hughes (P68724) <br> Gregory A. Mitchell (P68723) <br> THE MILLER LAW FIRM, P.C. <br> 950 West University Drive <br> Rochester, MI 48307 <br> epm@millerlawpc.com <br> eeh@millerlawpc.com <br> gam@millerlawpc.com | Jeff Ostrow (application for admission pro hac vice forthcoming) <br> KOPELOWITZ OSTROW, P.C. <br> One West Law Olas Blvd., Suite 500 <br> Fort Lauderdale, Florida 33301 <br> ostrow@kolawyers.com |

By: /s/ Jeffrey G. Muth
    Jeffrey G. Muth (P65041)